IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID VERDEN WILLIAMS, JR., | ) | CIV. NO. 16-00158 SOM-RLP |
| | ) | CR. NO. 11-00937 SOM |
| Petitioner, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RELEASE ON BAIL PENDING THE |
| | ) | ADJUDICATION OF PETITIONER'S |
| UNITED STATES OF AMERICA, | ) | § 2255 MOTION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING MOTION FOR RELEASE ON BAIL
PENDING THE ADJUDICATION OF PETITIONER'S § 2255 MOTION**

**I.      INTRODUCTION.**

Relying on Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), Defendant David Verden Williams has filed with this court a motion seeking relief under 28 U.S.C. § 2255.  Williams says his sentence should be shortened under the reasoning in Johnson that invalidated as unconstitutionally vague language in 18 U.S.C. § 924(e)(2)(B), which is part of the Armed Career Criminal Act ("ACCA").  While not sentenced pursuant to the ACCA, Williams was sentenced as a career offender under the United States Sentencing Guidelines, which include, at USSG § 4B1.2(a), language identical to the language in 18 U.S.C. § 924(e)(2)(B) that was invalidated in Johnson.

Arguing that he may be overincarcerated if he prevails on his Johnson argument, Williams asks this court to release him on bail immediately.  His motion for release is denied.  Even if

Williams may have exceptional circumstances given the possibility that he will be overincarcerated, that possibility is low, given his failure to show a likelihood of success on the merits. He therefore is not entitled to be released on bail pending the adjudication of his § 2255 motion.

**II.      BACKGROUND.**

Pursuant to a Memorandum of Plea Agreement, Williams pled guilty to having committed a bank robbery in violation of 18 U.S.C. § 2113(a), which states:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . .
>
>        . . .
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

See ECF Nos. 68, 69.

Williams was sentenced on October 7, 2013, to 151 months in custody, and judgment was entered on October 11, 2013. See ECF Nos. 77, 79. His sentence reflected a career offender enhancement under the Sentencing Guidelines, given Williams's prior convictions. Under USSG § 4B1.1(a):

> (a)  A defendant is a career offender if
>      (1) the defendant was at least eighteen
>          years old at the time the defendant

>     committed the instant offense of
>     conviction; (2) the instant offense of
>     conviction is a felony that is either a
>     crime of violence or a controlled
>     substance offense; and (3) the defendant
>     has at least two prior felony
>     convictions of either a crime of
>     violence or a controlled substance
>     offense.

The issue raised by Williams is whether the offense of conviction, bank robbery in violation of 18 U.S.C. § 2113(a), is a crime of violence that, given his prior convictions, triggers the guideline enhancement for being a career offender under USSG § 4B1.1(a)(2).[1]

"Crime of violence" is defined in USSG § 4B1.2(a):

> (a)  The term "crime of violence" means any
>      offense under federal or state law,
>      punishable by imprisonment for a term
>      exceeding one year, that–
>
>      (1)  has as an element the use,
>           attempted use, or threatened use of
>           physical force against the person
>           of another, or
>
>      (2)  is burglary of a dwelling, arson,
>           or extortion, involves use of
>           explosives, or otherwise involves
>           conduct that presents a serious
>           potential risk of physical injury
>           to another.

---

[1] Williams does not appear to be arguing that he lacks at least two prior felony convictions for crimes of violence that do not implicate the language that was held in <u>Johnson</u> to be unconstitutionally vague. He was convicted of battery of a custodial officer, terroristic threatening in the first degree, and force/assault with deadly weapon not a firearm: gross bodily injury likely. <u>See</u> ECF No. 78, PageID #s 284-85.

Subsection (1) of the "crime of violence" definition in USSG § 4B1.2(a)(1) is frequently referred to as the "elements clause" or the "force clause." The words "is burglary of a dwelling, arson, or extortion, involves use of explosives" in the definition in USSG § 4B1.2(a)(2) are frequently said to constitute the "enumerated offenses" clause. The words "or otherwise involves conduct that present a serious potential risk of physical injury to another" in USSG § 4B.1.2(a)(2) constitute the "residual clause." The "residual clause" in § 4B1.2(a)(2) is identical to the ACCA's "residual clause," which the Supreme Court invalidated in Johnson.

At the time of sentencing, no party raised any challenge to the "residual clause" or to the guideline calculation. In applying the career offender enhancement to Williams, neither the court nor the parties addressed whether bank robbery fell under the "elements clause" or the "residual clause." No one suggested that bank robbery might not fall under either clause.

Williams appealed. See ECF No. 80. On July 29, 2014, the Ninth Circuit dismissed the appeal, noting that, in his plea agreement, Williams had waived his right to appeal. See ECF No. 101.

Williams, proceeding pro se, filed his first § 2255 motion on February 25, 2015. See ECF No. 107. The motion was

denied by this court on August 12, 2015. See ECF No. 133. Although Johnson had been decided by the time this court ruled, no Johnson-related claim was before this court in the first § 2255 motion, and this court's order did not address Johnson. No appeal was taken from this court's order of August 12, 2015.

Subsequently, the Federal Public Defender's Office was appointed to review cases identified as potentially affected by Johnson. On April 4, 2016, defense counsel filed a new § 2255 motion, challenging Williams's designation as a career offender under the Sentencing Guidelines. See ECF No. 136. This § 2255 motion was accompanied by a motion seeking release on bail pending a decision on the § 2255 motion, and by a motion seeking this court's ruling that the new § 2255 motion was not a second or successive motion requiring a certification from the Ninth Circuit. See ECF Nos. 137, 138.

On May 11, 2016, the court referred the second or successive § 2255 motion to the Ninth Circuit, noting that, once the motion was certified by the Ninth Circuit pursuant to 28 U.S.C. § 2255(h), the court would promptly address Williams's bail request. See ECF No. 147.

On September 19, 2016, the Ninth Circuit authorized Williams's filing of a second or successive § 2255 motion. See ECF No. 163.

5

On September 29, 2016, the court held a hearing on Williams's bail request.

**III.      BAIL.**

"The Bail Reform Act does not apply to federal prisoners seeking postconviction relief." United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994), as amended (Feb. 8, 1995). Section 2255 is silent as to whether bail may be granted pursuant to any other provision or to the court's inherent power while a federal prisoner's § 2255 motion is pending in district court. Williams argues that this court has the inherent authority to release a federal prisoner while his or her § 2255 motion is pending before the court. See ECF No. 137, PageID # 640. The Government opposes the motion. See ECF No. 142, PageID # 726 (requesting bail be denied, arguing Williams has not met his burden of demonstrating exceptional circumstances and a high probability of success on the merits).

The Ninth Circuit has not definitively ruled on the issue of whether a district court has the inherent power to grant bail while a § 2255 motion is being adjudicated. In Roe v. United States District Court for the Northern District of California, 257 F.3d 1077, 1079 (9th Cir. 2001) (per curiam), the Ninth Circuit stated that "whether a district court has the authority to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition" was "an issue of first impression in this

6

Circuit."  The Roe court did not expressly resolve the issue, instead assuming that the power existed and ruling that the district court had erred in granting bail.  Id. at 1080.

There is a split in this district as to whether a district court has the inherent power to grant bail in connection with a § 2255 motion.  In United States v. Carreira, Crim. No. 06-00561 DKW, 2016 WL 1047995, at *1 (D. Haw. Mar. 10, 2016), Judge Derrick K. Watson held that he lacked the inherent power to release a federal prisoner on bail pending the adjudication of his or her § 2255 motion.  Two other judges in this district, Chief Judge J. Michael Seabright and Senior Judge Helen Gillmor, have ruled that a court does have the inherent power to release a federal prisoner on bail pending the adjudication of his or her § 2255 motion.  See United States v. Lee, Crim. No. 12-00133 JMS (02), 2016 WL 1039046, at *3 (D. Haw. Mar. 15, 2016); accord United States v. Josiah, Crim. No. 16-CV-00080 HG-KSC, 2016 WL 1328101, at *3 (D. Haw. Apr. 5, 2016).

Agreeing with Judges Seabright and Gillmor, this judge has previously ruled that a district court has the inherent power to grant a federal prisoner bail while a § 2255 motion is pending.  See United States v. Esteban, Crim. No. 02-00540 SOM, ECF No. 50 (July 8, 2016).  In Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989), the Ninth Circuit, while ruling that it lacked jurisdiction over an interlocutory appeal from the denial of bail

7

in a § 2254 case, stated in dicta, "Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success."  Id.; see also United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994).  For the reasons stated by Judges Seabright and Gillmor in Lee and Josiah and by this judge in Esteban, this judge, noting the Ninth Circuit's decision in Land, concludes that it has the authority to grant a federal prisoner bail in limited circumstances.  This court's view is that it may grant bail if extraordinary or exceptional circumstances exist and if there is a high probability that the § 2255 movant will prevail on the merits of the motion.

Although in Land the Ninth Circuit used "or" rather than "and" in referring to the possibility of bail "in extraordinary cases involving special circumstances or a high probability of success," 878 F.2d at 318, this court notes that the Ninth Circuit has not expressly explained its use of the disjunctive.  Other circuit courts require § 2255 movants seeking bail to show both extraordinary circumstances and a high probability of success.  See Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974).  The dual requirements have a clear basis in logic.  If a defendant established, for example the exceptional circumstance

8

that he would already have been released absent the constitutional violation asserted in his § 2255 motion, treating that circumstance alone as allowing the defendant to be released would militate in favor of release even if the granting of the motion looked highly improbable because the purported constitutional violation was not actually a violation.  By the same token, it would make no sense to release a defendant on bail solely because the defendant was likely to prevail on a § 2255 motion if the defendant could not show any exceptional reason for being released before the defendant actually prevailed.  That is, a defendant who prevailed might have his sentence reduced, but if the reduced sentence could not possibly subject the defendant to overdetention, then overdetention would not constitute an exceptional circumstance.

Possibly, the difference between the Ninth Circuit's disjunctive formulation and other courts' use of the conjunctive is nothing more than semantics.  The Ninth Circuit may not consider a case to be extraordinary or to involve special circumstances unless there is a high probability of success.  In that event, the Ninth Circuit may be using "or" as a simple connector between alternative articulations of the same concept rather than between two different concepts, only one of which must be satisfied.  Thus for example, if a case is extraordinary because it involves the risk that a defendant might be

overdetained while awaiting a decision on the merits of a § 2255 motion, that risk might be extraordinary only if the risk is plausible or high.  If overdetention is extremely unlikely, that may be because the defendant is unlikely to prevail on the § 2255 motion.  Recognizing that whether a circumstance is exceptional may depend on the likelihood of success, this court concludes that it makes sense to require both an exceptional circumstance and a likelihood of success before this court will grant release on bail before ruling on a § 2255 motion.

Williams may indeed be at risk of being overdetained.  But even if this circumstance may be exceptional, Williams does not demonstrate a high probability of success on the merits.  To the contrary, he appears under presently controlling law to be unlikely to prevail on his § 2255 motion.  In the likely event his motion is ultimately denied, he will not be overdetained.  That is, he does not make a plausible showing of overdetention.

Williams's motion rests on an argument foreclosed by United States v. Selfa, 918 F.2d 749, 750 (9th Cir. 1990), and its post-Johnson prodigy.  Selfa had pled guilty to two bank robberies in violation of 18 U.S.C. § 2113(a), the same statute that Williams had pled guilty of violating in this case.  Previously convicted of two other bank robberies in violation of 18 U.S.C. § 2113(a), Selfa was declared a career offender pursuant to USSG § 4B1.1(a), the same sentencing guideline under

which Williams was classified as a career offender. On appeal, Selfa challenged his designation as a career offender. Id. at 750-51. The Ninth Circuit rejected his challenge, stating that a person convicted of robbing a bank "by force and violence" or by "intimidation" under § 2113(a) had committed a "crime of violence" for purposes of USSG § 4B1.1. Id. at 751. The court noted that "intimidation" under § 2113(a) meant "'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" Id. (quoting United States v. Hopkins, 703 F.2d 1102, 1103 (9th Cir. 1983)). Given that definition of "intimidation," the Ninth Circuit reasoned that USSG § 4B1.2(1)'s requirement of a "threatened use of physical force" was satisfied.[2] Id. at 751.

Although Selfa was a pre-Johnson decision, the Ninth Circuit continues to treat Selfa as good law in post-Johnson cases. In United States v. Steppes, 2016 WL 3212168, at *1 (9th Cir. June 10, 2016), and United States v. Howard, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016), as amended (June 24,

---

[2]Selfa quoted USSG § 4B1.2(1) as stating, "The term 'crime of violence' means any offense under federal or state law punishable by imprisonment for a term exceeding one year that- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, . . . ." Thus, the USSG provision in Selfa is identical to USSG § 4B1.2(a)(1) applicable here, and appears to reflect a slight renumbering of USSG 4B1.2.

11

2016), the Ninth Circuit, in unpublished dispositions, relied on Selfa to hold that bank robberies were "crimes of violence."

In Steppes, the defendant was convicted of one count of credit union robbery, one count of bank robbery, and two counts of attempted bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Steppes as a career offender. The Ninth Circuit found no error in that regard, saying, "Notwithstanding the residual clause in section 4B1.2(a)(2), each of Steppes's prior crimes of conviction categorically qualifies as a 'crime of violence' under the remainder of the definition provided in section 4B1.2(a)." Steppes, 2016 WL 3212168, at *1.

In Howard, the Ninth Circuit, relying on Selfa, rejected the argument that a robbery under the Hobbs Act, 18 U.S.C. § 1951, did not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3), which defines "crime of violence" similarly. Howard ruled that, because "bank robbery by 'intimidation'--which is defined as instilling fear of injury--qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." Howard, 2016 WL 2961978, at *1.

Under the Ninth Circuit's pre- and post-Johnson decisions, even if the residual clause in USSG § 4B1.2(a)(2) is invalidated, bank robbery convictions under 18 U.S.C. § 2113(a) categorically qualify as involving crimes of violence "under the remainder of the definition provided in section 4B1.2(a)." Id.

While Williams argues that these decisions cannot be squared with the reasoning of Johnson or certain other post-Johnson analyses involving crimes other than bank robberies, this court is bound by these decisions. Williams is therefore not likely to prevail on his argument that he is not a career offender under USSG § 4B1.1. The court denies his motion for bail.

**IV.     THIS ACTION IS STAYED.**

In Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), the Eleventh Circuit affirmed the denial of a § 2255 motion that argued that the defendant had been improperly sentenced as a career offender under USSG § 4B1.1. On June 27, 2016, the Supreme Court granted certiorari. 136 S. Ct. 2510 (2016).

Given the anticipated guidance that the Supreme Court's decision in Beckles will provide, the court stays this matter pending that decision.

**V.     CONCLUSION.**

Because Williams is unlikely to prevail on the merits of his § 2255 motion, the court denies his motion for bail pending the adjudication of that motion.

The court stays this matter pending the Supreme Court's decision in Beckles, which the court anticipates will be issued relatively shortly.

The Bureau of Prisons is asked to continue to house Williams at FDC Honolulu, given the possibility that <u>Beckles</u> will be decided relatively soon and that this court will shortly thereafter hold a hearing on his § 2255 motion.  In anticipation of the Supreme Court's decision in <u>Beckles</u>, the court has tentatively set a hearing on the merits of Williams's § 2255 motion for December 12, 2016.

The Clerk of Court is ordered to send a copy of this order to the Warden at FDC Honolulu.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 30, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

<u>United States of American v. Williams</u>, Crim. No. 11-00937SOM; Civ. No. 16-00158SOM/RLP; ORDER DENYING MOTION FOR RELEASE ON BAIL PENDING THE ADJUDICATION OF PETITIONER'S § 2255 MOTION