IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID VERDEN WILLIAMS, JR., | ) | CR. NO. 11-00937 SOM |
| | ) | |
| Petitioner, | ) | ORDER REFERRING TO THE NINTH |
| | ) | CIRCUIT DEFENDANT DAVID VERDEN |
| vs. | ) | WILLIAMS'S THIRD MOTION UNDER |
| | ) | 28 U.S.C. § 2255 TO VACATE, |
| UNITED STATES OF AMERICA, | ) | SET ASIDE, OR CORRECT |
| | ) | SENTENCE; EXHIBITS A AND B |
| Respondent. | ) | |
| _____ | ) | |

**ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT DAVID VERDEN WILLIAMS'S THIRD MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; EXHIBITS A AND B**

This court accepted David Verden Williams's plea of guilty to having committed a bank robbery in violation of 18 U.S.C. § 2113(a). *See* ECF Nos. 68, 69. He was sentenced on October 7, 2013, to 151 months in custody; judgment was entered on October 11, 2013. *See* ECF Nos. 77, 79.

Williams appealed. *See* ECF No. 80. On July 29, 2014, the Ninth Circuit dismissed the appeal, noting that, in his plea agreement, Williams had waived his right to appeal. *See* ECF No. 101.

On February 25, 2015, Williams, proceeding *pro se*, filed his first § 2255 motion. *See* ECF No. 107. The motion was denied by this court on August 12, 2015. *See* No. 133.

On April 4, 2016, represented by counsel, Williams filed a second § 2255 motion, challenging Williams's designation as a career offender under the Sentencing Guidelines. *See* ECF

No. 136.  On May 11, 2016, this court referred the second § 2255 motion to the Ninth Circuit pursuant to 28 U.S.C. § 2255(h) and Circuit Rule 22-3(a) for an order authorizing this court to consider the motion.  See ECF No. 147.  On September 19, 2016, the Ninth Circuit authorized Williams to file his second or successive § 2255 motion.  See ECF No. 163.  On March 31, 2017, Williams voluntarily dismissed his second § 2255 motion.  See ECF No. 181.  On September 7, 2017, this court permitted the withdrawal of the § 2255 motion, but informed Williams that any future § 2255 motion would be sent to the Ninth Circuit for the authorization required under 28 U.S.C. § 2255(h).  See ECF No. 183.

On January 25, 2019, Williams, again proceeding *pro se*, filed a "Motion for Appointment of Counsel; Motion for BOP to Recalculate Sentence and Expunge Incident Reports; [and] Motion for Order for BOP to Give Medical Treatment and Diagnosis for Undiagnosed Skull Fracture."  See ECF No. 185.  On January 28, 2019, this court asked Williams to clarify whether he was seeking relief under 42 U.S.C. § 1983 or bringing a third motion under 28 U.S.C. § 2255.  If Williams wanted to bring claims under § 1983, the court asked Williams to complete a § 1983 complaint form that the court provided to him.  If Williams wanted to bring a third motion under 28 U.S.C. § 2255, the court informed him that he

needed to obtain authorization from the Ninth Circuit.  *See* ECF No. 186.

In a document filed on February 11, 2019, Williams clarified that he wanted to proceed with his claims under 28 U.S.C. § 2255.  Accordingly, to the extent that his Motion of January 25, 2019, sought relief under 42 U.S.C. § 1983, the court deems Williams to have abandoned such claims at this time.  To the extent Williams seeks any relief under § 2255, the court refers the matter to the Ninth Circuit for authorization pursuant to 28 U.S.C. § 2255(h) and Circuit Rule 22-3(a).  Any requested relief from this court, including William's request for appointment of counsel, is premature until he receives authorization from the Ninth Circuit to proceed with his motion under § 2255.

In passing the Antiterroism and Effective Death Penalty Act ("AEDPA"), Congress imposed "significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions."  *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009).  In 28 U.S.C. § 2255(h), Congress said:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be

>              sufficient to establish by clear
>              and convincing evidence that no
>              reasonable factfinder would have
>              found the movant guilty of the
>              offense; or
>
> (2)          a new rule of constitutional law,
>              made retroactive to cases on
>              collateral review by the Supreme
>              Court, that was previously
>              unavailable.

In *Ezell v. United States*, 778 F.3d 762 (9th Cir. 2015), the Ninth Circuit said, "Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'" *Id.* at 765 (quoting *Lopez*, 577 F.3d at 1061).

The court therefore refers Williams's third § 2255 motion to the Ninth Circuit for authorization pursuant to 28 U.S.C. § 2255(h) and Circuit Rule 22-3(a).

The Clerk of Court is directed to send a copy of this order to the Ninth Circuit with Williams's § 2255 motion and his clarification, ECF Nos. 185 and 188, attached as Exhibits A and B. The Clerk of Court is further directed to terminate all other stayed or pending motions (ECF Nos. 185 and 188).

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, February 12, 2019.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*David Verden Williams, Jr. vs. United States of America*; CR. NO. 11-00937 SOM; ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT DAVID VERDEN WILLIAMS'S THIRD MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE; EXHIBITS A AND B