```
             IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CR. NO. 11-00937 SOM
                             )
          Plaintiff,         )    ORDER REGARDING LETTER
                             )    REQUESTING VARIOUS FORMS OF
     vs.                     )    RELIEF
                             )
DAVID VERDEN WILLIAMS, JR. , )
                             )
          Defendant.         )
_____)
```

## ORDER REGARDING LETTER REQUESTING
## VARIOUS FORMS OF RELIEF

On October 7, 2013, this court sentenced David Verden Williams to 151 months of imprisonment for having committed a bank robbery in violation of 18 U.S.C. § 2113(a).  Williams is now incarcerated at Lewisburg USP in Pennsylvania and has a projected release date of April 7, 2023.  *See* https://www.bop.gov/inmateloc/ (input No. 99700-022) (last visited June 25, 2020).  Over the years, Williams has sent this court many letters.  This court received the latest on June 24, 2020.  That letter requests various things.  *See* ECF No. 199.

To the extent Williams asks this court to order the Bureau of Prisons to transfer him to FDC Honolulu, this court denies that request.  This court has no authority to order Williams housed at any particular location.

To the extent Williams asks for copies of court forms for a § 2255 petition, a § 1983 complaint, and an in forma pauperis application, the court grants that request and directs

the Clerk of Court to mail Williams copies of those forms. Williams may also download the forms from https://www.hid.uscourts.gov/forms/AO/AO_243_1007.pdf, https://www.hid.uscourts.gov/forms/HID/ProSe/complaint_for_violation_of_civil_rights_prisoner_0.pdf, and https://www.hid.uscourts.gov/forms/IFPFORM_(Rev._Jan._2008).pdf. The court notes that Williams has previously filed three § 2255 petitions.  *See* ECF Nos. 107, 136, and 185/188.  To file another one, he must first seek a certificate allowing him to do that from the Ninth Circuit Court of Appeals.  28 U.S.C. § 2255(h).

To the extent Williams seeks appointment of counsel to file a § 2255 petition and/or a § 1983 complaint, that request is denied without prejudice, as Williams does not meet his burden of demonstrating that appointment of counsel is appropriate under the circumstances.  Williams does not have authorization from the Ninth Circuit to file another § 2255 petition.  Additionally, it is unclear why Williams now seeks a § 1983 complaint form "for his dismissed 1983 prisoner civil rights lawsuit," Civil No. 19-00081 JMS/KJM.

To the extent Williams seeks to withdraw his guilty plea, that request is denied without prejudice to the filing of a request more fully supported by law and facts.  Conclusory statements about competency and excessive punishment are insufficient to support such a motion.  The court also notes that

a motion to withdraw a guilty plea is not usually brought years after sentencing and when a defendant has already served the majority of his prison term.  When a challenge to a guilty plea is brought following sentencing, it is usually part of a timely direct appeal or a timely motion under § 2255.  Williams may not skirt the requirements for either of those avenues by simply filing a stand-alone request.

       IT IS SO ORDERED.

       Dated:  Honolulu, Hawaii, June 25, 2020.



    /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*David Verden Williams, Jr. vs. United States of America*; CR. NO. 11-00937 SOM; ORDER REGARDING LETTER REQUESTING VARIOUS FORMS OF RELIEF