```
            IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )   CR. NO. 11-00937 SOM
                             )
          Plaintiff,         )   ORDER GRANTING DEFENDANT'S
                             )   MOTION TO REDUCE SENTENCE
                             )
                             )
     vs.                     )
                             )
DAVID VERDEN WILLIAMS, JR.,  )
                             )
          Defendant.         )
                             )
_____ )
```

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.      INTRODUCTION AND BACKGROUND.**

In 2013, pursuant to a plea agreement, Defendant David Verden Williams, Jr., entered a plea of guilty to bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 68. With his status under the guidelines as a career offender, his recommended guideline range was between 151 and 188 months. *See* ECF No. 211, PageID # 1066. On December 20, 2013, the court sentenced Williams to the bottom of that range, imposing a sentence of 151 months in prison, to be followed by three years of supervised release. ECF Nos. 77, 79. He has served approximately 128 months of that sentence. *See* ECF No. 3.

Williams now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). He argues that if he had been sentenced under today's law, he likely would have received a significantly shorter sentence. ECF No. 211, PageID # 1073. Specifically, he

contends (and the Government agrees) that under the First Step Act, he would no longer be designated as a career offender, and as a result his guidelines range would be between 57 and 71 months. ECF No. 211, PageID # 1073; ECF No. 217, PageID # 1223. The substantial disparity between the sentence that Williams has already served and the sentence that he would have received under today's law, coupled with his medical circumstances, is an extraordinary and compelling reason that warrants a reduction in his sentence. Williams's motion to reduce his sentence is granted.

**II.     ANALYSIS.**

Williams's motion to reduce his sentence is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion).  *See United States v. Balgas*, 2021 WL 2582573, at *1 (D. Haw. June 23, 2021) *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

> **A.   Williams Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).**

On February 15, 2022, Williams asked the warden at his facility for compassionate release.  *See* ECF No. 211, PageID # 1073.  More than 30 days have now passed since Williams asked his warden for compassionate release, and there is no dispute that Williams has satisfied the time-lapse requirement of 18 U.S.C. § 3582(c)(1)(A).

> **B.   This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant

a sentence reduction. In orders addressing compassionate release motions in other cases, this judge has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This judge has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, she is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *Balgas*, 2021 WL 2582573, at *2; *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Balgas*, 2021 WL 2582573, at *2; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP

has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

The Ninth Circuit has expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

### C. Williams Has Demonstrated That Extraordinary and Compelling Circumstances Justify a Reduction in His Sentence.

Williams contends that his sentence should be reduced because of the "tremendous disparity between the 151-month sentence that [he] is serving and the sentence that he would likely [have received] today." ECF No. 211, PageID # 1082. This court agrees.

This court has addressed similar arguments on several occasions. *See, e.g.*, *United States v. Lavatai*, 2020 WL 4275258, at *3 (D. Haw. July 24, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *3 (D. Haw. June 9, 2020). As discussed in those orders, because Congress chose not to make the First Step Act

5

retroactive, the fact that a defendant would have received a shorter sentence if he had been sentenced after the passage of that Act, standing alone, might not justify a reduction in sentence. *Cisneros*, 2020 WL 3065103, at *3. But, "a change in the law may be a relevant consideration in determining whether extraordinary and compelling circumstances justify a defendants' release," *Lavatai*, 2020 WL 4275258, at *3, and a reduction in sentence may be warranted if "other factors also support[] an early release." *Cisneros*, 2020 WL 3065103, at *3. For instance, a defendant may prevail by establishing that "he ha[d] already served a considerably longer sentence than he would [have received] today," depending on the other circumstances of the case. *Id.; see also United States v. McCoy*, 981 F.3d 271, 285–86 (4th Cir. 2020) ("We think courts legitimately may consider, under the 'extraordinary and compelling reasons' inquiry, that defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair.").

        Williams has made such a showing here. There is no dispute that he has served a considerably longer sentence than he would have received under today's law. He has already served approximately 126 months of his sentence, but, as the Government concedes, under today's law his guidelines range would only have been between 57 months and 71 months. ECF No. 211, PageID # 1073; ECF No. 217, PageID # 1223.

In its opposition, the Government expressed concern about Williams's history of violence. ECF No. 217, PageID # 1209-15. At the hearing on this matter, however, both parties agreed that Williams's violent behavior is a symptom of his mental illnesses. The parties further agreed that Williams does not appear to pose a threat to others if he continues to take his prescribed medication. He has behaved well during the last year of his incarceration because he has continued to take that medication. This court has some assurance that he will continue to take that medication, as Williams has stipulated to a modification of the terms of his supervised release that requires him to continue to take the medication prescribed by his treating physicians. Indeed, this court views Williams's commitment to receiving treatment for his mental illnesses as a positive step that demonstrates that he is working towards his rehabilitation.

In sum, as this court stated at the hearing, after considering the substantial disparity between the sentence that Williams has already served and the sentence that he would have received today, and also considering Williams's medical circumstances and his recent efforts to receive mental health treatment, this court finds that extraordinary and compelling reasons justify a reduction in Williams's sentence. The motion to reduce sentence is granted.

**III.     CONCLUSION.**

Williams's motion to reduce his sentence is granted.

It is further ordered that:

1. Williams's sentence of incarceration is reduced to time served.

2. This order is stayed for 60 days, allowing for Williams to remain in BOP custody, to give Williams time to be accepted and to have a confirmed bed space at a Residential Reentry Center (RRC) located in the Northern District of California, and to make appropriate travel arrangements. Williams shall be released as soon as a bed space is available at an RRC in the Northern District of California and appropriate travel arrangements are made. Williams will reside at the RRC as a special condition of supervised release. If more than 60 days are needed to ensure Williams's appropriate release to the RRC, the parties shall immediately notify the Court and show cause why the stay should be extended.

3. Upon release from custody, Williams shall commence serving his 3-year term of supervised release as previously imposed and shall abide by all mandatory, standard, and special conditions as approved by the court as of May 31, 2022.

It is so ordered.

DATED: Honolulu, Hawaii, May 31, 2022.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Williams*, Cr. No. 11-00937 SOM; ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE